now actually taking possession of new locations in the very middle of said grant, and are holding public meetings and collecting funds to accomplish their ends. The lands of which they are taking possession have, to my knowledge, been considered since the year 1851 as the property of John Bidwell, and occupied by him, and are still occupied by him, as a part of the aforesaid grant." From the case, therefore, as presented by themselves, as well as from this affidavit, the nature of this application is evident. In this, as in all other cases, all persons who allege that any of the land included in a survey of a rancho is public land of the United States must urge their objections in the name of the United States, and through the district attorney. To that officer is committed the duty of seeing that no public land is improperly embraced within a survey of a private claim. When he has no objections to interpose, the settler cannot be permitted to intervene in the proceeding. When he settled upon the land, and, notwithstanding that it was claimed under a Mexican title, chose to assume it to be public land, he was aware that the United States would assert her rights through her proper officers, and that the judgment of the courts, declaring that the land was not public, but private, land, would be final and conclusive on the rights of the United States, and all claiming under them. When, therefore, the United States, through her officers, admits that the survey is properly made, or decline to make objections to it, no settler can be heard to contest it. The application is therefore denied, and a decree confirming the land, as surveyed and located by the surveyor general, to the claimant, must be entered.

## Case No. 14,593.

### UNITED STATES v. BILL.

[2 Cranch, C. C. 202.] [1]

Circuit Court, District of Columbia. June Term, 1820.

CONSTABLE — SACRIFICING PROPERTY — CORRUPT MOTIVE.

In a prosecution against a constable for wantonly sacrificing property taken under execution, the jury cannot find him guilty, unless they should be satisfied that he acted from a corrupt motive.

The defendant [A. T. F. Bill], who was a constable, was presented for wantonly sacrificing a carpet taken by him in execution, and sold at a time and place different from the time and place mentioned in the notice of sale.

At the motion of Mr. Law, the defendant's counsel, THE COURT instructed the jury that before they could find him guilty, they must be satisfied that he acted from a corrupt motive.

Verdict for the defendant.

[See Cases Nos. 1,405 and 14,594.]

1 [Reported by Hon. William Cranch, Chief Judge.]

## Case No. 14,594.

### UNITED STATES v. BILL.

[2 Cranch, C. C. 518.] [1]

Circuit Court, District of Columbia. Dec. Term, 1824.

CONSTABLE—BOND—REMOVAL FROM OFFICE.

A constable's official bond is not vacated, or rendered void, by his temporary removal from office, but covers his official conduct after his reinstatement in office as well as before the suspension of his functions.

The defendant [A. T. F. Bill] had been appointed by the court, a constable for the county of Washington, and gave bond in 1818. The suit was brought to recover the amount which he had received upon two writs of fieri facias, in favor of A. and J. B. Holmead.

The court, on the 20th of January, 1819, upon the request of the grand jury, ordered that "he be removed" from the office of constable. On the 27th of the same month, the court, for reasons stated on the minutes, ordered "that he be reinstated in his office of constable, and that the former order, dismissing him from that office, be rescinded." The two writs of fieri facias, for the amount of which he was now charged, and which he had returned "Satisfied," were dated in April, 1819, and returnable on the first Monday of May following. The defendant demurred to the evidence, and contended that his bond was vacated by his removal from office, and that it did not cover his official acts done after the order for his removal was rescinded.

But THE COURT was of opinion, that the order for his removal having been rescinded at the same term, it is as if it had never been made, and did not release his sureties from responsibility for his subsequent official acts.

[See Cases Nos. 1,405 and 14,594.]

## Case No. 14,595.

### UNITED STATES v. BIRCH.

[1 Cranch, C. C. 571.] [1]

Circuit Court, District of Columbia. Nov. Term, 1809.

WITNESS — PROSECUTOR — LIABILITY FOR COSTS— SELLING LIQUOR WITHOUT LICENSE— SALE BY WIFE.

1. The prosecutor, whose name is indorsed on the indictment for a misdemeanor, is not a competent witness for the prosecution.

2. A selling by the wife with the assent of the husband, is a selling by the husband. The day is not material.

Indictment for selling spirituous liquors without license.

Alexander Simms, the prosecutor, whose name was indorsed on the indictment, was offered by the United States, as a witness.

1 [Reported by Hon. William Cranch, Chief Judge.]